JOURNAL ENTRY AND OPINION
The appellant, Medical Mutual of Ohio (MMO), appeals the decision of the trial court granting the motion for summary judgment of appellee, Christine Pacino. The appellant contends that there are issues of material fact present which preclude the granting of summary judgment. For the reasons set forth below, we reverse the decision of the trial court.
On or about January 1, 1998, Christine Pacino purchased medical insurance coverage from MMO. In May of that same year, she was diagnosed with stage II breast cancer and requested coverage under her health insurance policy with MMO. Pacino's doctor, Steven W. Andersen, D.O., a physician with the Cleveland Clinic's Bone Marrow Transplant Program, submitted a Letter of Medical Necessity to MMO for their approval to proceed with a treatment known as high-dose chemotherapy with peripheral stem cell transplant (HDC/PSCT). In this treatment, the patient's healthy blood cells are harvested prior to the patient receiving lethal doses of chemotherapy. After the chemotherapy, the healthy blood cells are then reinfused into the patient's body.
The insurance policy does not specifically cover the HDC/PSCT procedure. Pacino requested coverage under the surgical services clause of her policy. MMO denied coverage under the theory that HDC/PSCT for treatment of Pacino's diagnosis is an experimental or investigational procedure, and MMO does not cover such procedures. Pacino appealed the determination of MMO's denial of coverage and was again denied coverage for the procedure.
On November 23, 1998, MMO wrote a letter concerning coverage to Pacino and her doctor advising them that a recently enacted Ohio statute requires insurers to extend coverage for experimental or investigational procedures based upon physician certification of certain facts. Pacino was granted coverage for the procedure after her doctor submitted the proper certification documents.
Based upon the actions of MMO, Pacino filed an action in the trial court claiming bad faith, intentional infliction of emotional distress, and breach of contract. On April 21, 2000, Pacino filed for partial summary judgment of the claim for breach of contract, and on September 26, 2000, the court granted her motion and determined, pursuant to 54(B), that there was no reason to delay.
MMO appeals the decision of the trial court and asserts the following four assignments of error:
 I. THE TRIAL COURT ERRED IN ENTERING PARTIAL SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF BECAUSE CONSIDERATION OF PLAINTIFF'S BREACH OF CONTRACT CLAIM REQUIRES APPLICATION OF FACTS TO CONTRACTUAL LANGUAGE NOT THE INTERPRETATION OF AN AMBIGUOUS CONTRACT.
 II. THE TRIAL COURT ERRED IN ENTERING PARTIAL SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF BECAUSE THE ORGAN TRANSPLANT SERVICES PROVISION IN THE INSURANCE POLICY DOES NOT APPLY BECAUSE THE INSURANCE POLICY IS UNAMBIGUOUS IN EXCLUDING COVERAGE FOR EXPERIMENTAL TREATMENTS.
 III. THE TRIAL COURT ERRED IN ENTERING PARTIAL SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF BECAUSE EVEN IF THE INSURANCE POLICY IS AMBIGUOUS, AND WAS TO BE CONSTRUED AGAINST MMO, THE TRIAL COURT ERRED IN APPLYING THE DISPUTED FACTS TO THE INSURANCE POLICY, WHICH IS THE PROVINCE OF THE JURY.
 IV. THE TRIAL COURT ERRED WHEN IT CONSIDERED EVIDENCE OF OTHER CLAIMS DETERMINATIONS BECAUSE EXTRINSIC EVIDENCE IS NOT ADMISSIBLE FOR CONSTRUCTION OF UNAMBIGUOUS POLICY PROVISIONS.
We will first address appellant's second assignment of error. MMO contends that the Organ Transplant Services provision in the insurance policy is not ambiguous and clearly excludes coverage for experimental or investigational procedures.
The standard of review for an appellate court on a lower court's granting of summary judgment is de novo. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial. Brewer v. Cleveland City Schools (1997),122 Ohio App.3d 378; citing Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116, 119-120.
Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
The movant possesses the burden of establishing that no genuine issue of material facts exists. This burden must be satisfied by specifically producing evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, et cetera, which demonstrates the nonmoving party's lack of support toward his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
MMO contends that the insurance policy is not ambiguous in denying coverage for experimental or investigational procedures; therefore, the trial court erred in its determination of ambiguity.
In Ohio, words in an insurance contract which are not defined therein are read according to their ordinary meaning unless there is an ambiguity. Gomolka v. State Auto Mut. Ins. Co. (1982), 70 Ohio St.2d 166. Additionally, when words in a policy of insurance have plain and ordinary meaning, it is neither necessary nor permissible to resort to construction unless plain meaning would lead to an absurd result. Mills v. Colonial Life Accident Insurance Co. (Feb. 12, 1987), Cuyahoga App. No. 51742, unreported, at 3, citing Olmstead v. Lumbermans Mutual Insurance Co. (1970), 22 Ohio St.2d 212. However, when the language of a contract or policy is doubtful, vague, or ambiguous, it is axiomatic that the language is to be construed in favor of the insured and strictly against the insurer. Taulbee v. The Travelers Co. (1987)42 Ohio App.3d 209, citing Suburban Community Hospital v. Linquest (1982), 69 Ohio St.2d 302. Contract language is ambiguous if it is subject to two reasonable interpretations. Smith v. ABS Indus., (C.A. 6, 1989), 890 F.2d 841, 846-47 n. 1.
The SuperMed HMO policy under which Pacino requested coverage states in the Organ Transplant Services provision:
 After you have been covered by SuperMed HMO for 365 consecutive days, you are covered for organ transplant services listed in this certificate. This waiting period is not applicable to newborns.
 Your coverage includes benefits for transplant of the following human organs which are not considered to be Experimental/Investigational and which take place while you are a Covered Person:
— bone marrow (depending on diagnosis)
* * *
(Emphasis added)
The policy further defines Experimental or Investigational-Procedure as:
 — if the drug or device cannot be lawfully marketed without approval of the U.S. Food and Drug Administration and approval for marketing has not been given at the time the drug or device is furnished;
 — if reliable evidence shows that the drug, device, medical treatment or procedure is the subject of on-going phase I, II or III clinical trials or is under study to determine maximum tolerated dose, toxicity, safety, efficacy, or efficacy as compared with the standard means of treatment or diagnosis; or
 — if reliable evidence shows that the consensus of opinion among experts regarding the drug, device, medical treatment or procedure is that further studies or clinical trials are necessary to determine its maximum tolerated dose, toxicity, safety, efficacy or efficacy as compared with the standard means of treatment or diagnosis.
 Reliable evidence means only published reports and articles in the authoritative medical and scientific literature; the written protocol or protocols used by the treating facility or the protocol(s) of another facility studying substantially the same drug, device, medical treatment or procedure; or the written informed consent used by the treating facility or by another facility studying substantially the same drug, device, medical treatment or procedure. Determinations will be made by SuperMed HMO at its sole discretion and will be final and conclusive.
Based upon a review of the insurance policy language, this court finds that the contract language possesses only one reasonable interpretation. Under the interpretation presented by the appellee, using the first clause, which are not considered to be experimental/investigational, as a nonrestrictive clause would leave the contract clause with an absurd meaning and result. In reviewing this clause in the context of the entire policy contract, which includes the second clause, which takes place while you are a covered person, in the same provision, the only reasonable interpretation is that the two clauses reflect certain conditions to be satisfied in order to be entitled to Organ Transplant Services coverage under the policy provision.
In addition, there is a genuine issue as to which policy provision the appellee was denied coverage under. Therefore this court need not review the application of the required 365 consecutive days for coverage condition under the Organ Transplant Service provision as argued by the appellant because it relates to an issue of fact as to which policy provision applies.
The trial court therefore erred when it determined that the insurance policy provision can be subject to a second reasonable interpretation due to its ambiguity.
Appellant's first and third assignments of error need not be addressed as they relate to the trial court's determination of ambiguity which this court has already found to be in error.
In appellant's fourth assignment of error MMO contends that the trial court erred when it considered extrinsic evidence in evaluating an unambiguous policy provision.
The trial court's use of extrinsic evidence was based on its earlier interpretation of the clause, which are not considered to be experimental/investigational. In order for the court to begin looking at the phrase, depending upon diagnosis, they must first resolve the genuine issues of fact as to the experimental nature of the appellee's procedure and it's application to the policy provisions. Therefore, the trial court erred when it admitted extrinsic evidence to define depending upon diagnosis.
The judgment of the trial court is therefore reversed as there are genuine issues for determination at trial.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., AND MICHAEL J. CORRIGAN, J., CONCUR.